UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MYRIAM ZAYAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROSS HUNTER, et al.,<br><br>　　　　　Defendants. | CASE NO. C22-642 RSM<br><br>ORDER |

## I.　　INTRODUCTION

Plaintiff Myriam Zayas, representing herself, has been granted leave to proceed in forma pauperis—i.e., without paying the filing fee—in this matter. Dkt. #4. Plaintiff's complaint was docketed, but summonses were not issued. Dkt. #5. Plaintiff subsequently filed a timely amended complaint, making minor alterations and adding several additional allegations. Dkt. #6; FED. R. CIV. P. 15(a)(1) (permitting amendment as a matter of course prior to service); *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (upon filing, an amended complaint operates as a complete substitute for the original complaint). Reviewing Plaintiff's amended complaint under 28 U.S.C. § 1915(e)(2)(b), the Court finds Plaintiff's complaint deficient and directs her to file an amended complaint satisfying federal pleading standards. Failure to do so will result in dismissal of this action.

ORDER – 1

## II. FACTUAL ALLEGATIONS

Plaintiff is the biological mother to six children. At various times between 2009 and 2015, and as to several of Plaintiff's children, the State of Washington ("Washington") has terminated Plaintiff's parental custody rights. Plaintiff's eldest child, who is now 22, was removed from Plaintiff's custody by Washington when she was eight years old and was subsequently adopted and moved to Texas. Dkt. #6 ¶ 5. To keep her second child, now 21, out of foster care, Plaintiff allowed the child to be adopted after birth. *Id.* Her third child was removed from her custody at age six, but has returned, at the age of 19, to live with Plaintiff once again. *Id.* Plaintiff also has a seven-year-old child who has been in foster care for a little more than two years, a two-year-old who was given up for adoption at birth, and a one-year-old who currently resides with her. *Id.*

Plaintiff lawsuit is related to the Washington state court proceedings that resulted in her children being removed from her care. She seeks to sue: (1) Ross Hunter, Washington State's Secretary of the Department of Children, Youth, and Families ("DCYF"); (2) Robert Ferguson, Washington State's Attorney General ("AG"); and (3) Anita Khandelwal, King County's Director of the Department of Public Defense ("KCDPD"). *Id*. ¶¶ 6–8. As they relate to child dependency actions, DCYF includes Child Protective Services ("CPS") which initiates child dependency actions, the AG represents DCYF in Court, and KCDPD assures that parents are afforded public defense if they are unable to secure private counsel.

In broad terms, Plaintiff alleges that the Defendants have conspired to turn Washington's child dependency process into a sham and that it instead operates as a forced-adoption process. *Id*. ¶¶ 9–11. Plaintiff alleges that Defendants' actions are motivated by a desire to secure "bonus incentives" that Plaintiff alleges are paid to individual social workers by the federal government

ORDER – 2

to push its preference for two parent families. *Id.* ¶¶ Introduction.[1]  To further their adoption scheme, Plaintiff alleges that Defendants target young children from low income, unmarried or single parents for dependency actions so that they are forced to be represented by public defenders who then coerce the parents into agreeing to conditions that ultimately lead to the termination of their parental rights, fueling subsequent adoptions.

As to her own child dependency cases, Plaintiff indicates that through the first several actions she was lied to and forced to agree to various dependency orders under duress.  Plaintiff alleges that in more recent dependency proceedings she has refused to sign orders, leading to the AG's staff filing, and the Washington courts enforcing, unsigned orders.  *Id.* ¶¶ 12–20.  In sum, Plaintiff alleges that the scheme, both as a whole and as applied to her own cases, violates her constitutional rights, is actionable under 42 U.S.C. § 1983, and additionally entitles her to relief on several state law claims (such as abuse of process, fraud, and misrepresentation).

### III.   DISCUSSION

**A.  Applicable Legal Standards**

When the Court grants a plaintiff leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, the Court has a duty to dismiss the case if it determines that the complaint fails to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners.").  "The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as when ruling on dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Day v. Florida*, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014) (citing *Lopez*, 203 F.3d at 1129).

---

[1] Plaintiff does not number the paragraphs in Section III of her complaint.  The cited material is found on pages 4–5.

ORDER – 3

To adequately state a claim under Rules 8(a) and 12(b), a complaint must include "a short and plain statement of the grounds for the court's jurisdiction, . . . a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought." FED. R. CIV. P. 8(a)(1)–(3). No technical form is required, but a complaint will be considered insufficient if it "lack[s] . . . a cognizable legal theory or . . . sufficient facts alleg[ing that] cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also* FED. R. CIV. P. 8(a)(2). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citations omitted).

Further, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556, 557). Absent facial plausibility, a plaintiff's claims must be dismissed.

**B. Under the Applicable Standards, Plaintiff's Complaint Is Deficient**

Plaintiff's complaint purports to allege constitutional claims under 42 U.S.C. § 1983. But Plaintiff's complaint does not adequately plead a § 1983 claim. Such a claim requires that

ORDER – 4

Plaintiff adequately allege: "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

As an initial matter, Plaintiff's complaint is overly vague in identifying the constitutional or statutory rights at issue. Plaintiff's complaints certainly relate to the termination of her parental rights.[2] Her complaint references the Adoption and Safe Families Act of 1997,[3] the Fourteenth Amendment, equal protection, and substantive due process. But Plaintiff does not clearly identify which actions violated her claimed constitutional rights, relying only on generalities. See Dkt. #6 ¶ 29 (alleging that Defendants "intentionally, maliciously, and with deliberate indifference and reckless disregard for the natural consequences of their acts, caused injury and damage in violation of Plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including the Fourteenth Amendment, Due Process Clause, and Equal Protection Clause"). Plaintiff's allegation of amorphous violations of due process and equal protection principles is insufficient.

---

[2] The Court cannot discern how Plaintiff intends for her federal court action to impact her prior state court dependency cases. *See* Dkt. #6 at 5:19–21 (Plaintiff alleging that "Rooker-Feldman only applies to cases which have been decided in the state court, Plaintiff's case has not been decided and none of their court orders are valid, no shelter care hearing exists on the docket that is legal and heard."). Plaintiff appears to understand the hurdle posed by the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *see also D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983). "*Rooker-Feldman* . . . is a narrow doctrine, confined to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Lance v. Dennis*, 546 U.S. 459, 464 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Plaintiff does not address her previous child dependency cases or their state court judgements that would be called into question by her current federal court action. Should Plaintiff file an amended complaint, *Rooker-Feldman* should be more directly addressed.

[3] Plaintiff does not establish that the Adoption and Safe Families Act of 1997 provides for a private cause of action.

ORDER – 5

More importantly, Plaintiff fails to adequately allege that Defendants' actions[4] were the proximate cause of any violation of her federally protected rights. In § 1983 actions, liability is premised on each defendants' individual actions. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted) ("Liability under [§] 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§] 1983."); *see also Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to [] § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Here, Plaintiff does not plausibly allege § 1983 claims premised on specific actions undertaken by each of the individual Defendants.

That Plaintiff seeks prospective injunctive relief against Defendants in their official capacities provides her an additional option for establishing their liability by "demonstrate[ing] that the alleged constitutional deprivation was the product of a policy or custom of the [] governmental unit." *Kirkpatrick v. City of Washoe*, 843 F.3d 784, 793 (9th Cir. 2016) (en banc).

---

[4] Plaintiff's complaint, at first glance, appears to adequately establish that Washington's AG and DCYF Secretary are persons subject to suit under § 1983. There can be no doubt that Washington itself is not a person capable of being sued under § 1983 because § 1983 does not abrogate state sovereign immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). In the ordinary case, the state's sovereign immunity extends to state officials—here, Washington's AG and DCYF Secretary—sued in their official capacities for money damages because judgments satisfied from state coffers will likewise violate sovereign immunity. *Id.* However, Plaintiff disclaims monetary damages and seeks only prospective injunctive relief. Dkt. #6 ¶¶ 30–33 (Plaintiff indicating that she seeks "$0.00 in cash damages" and only seeks injunctive relief). Where an action seeks only prospective injunctive relief, state officials sued in their official capacities are "persons" for the purposes of § 1983 claims. *See e.g. Will*, 491 U.S. at 71 n.10 (1989); *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013); *Flint v. Dennison*, 488 F.3d 816, 824–25 (9th Cir. 2007). *See also Paeste v. Gov't of Guam*, 798 F.3d 1228, 1235–40 (9th Cir. 2015) (discussing distinction between suits seeking damages and suits seeking prospective relief).

ORDER – 6

But beyond Plaintiff's same vague generalities, Plaintiff again fails to plausibly allege the existence of a policy or custom that led to the alleged violations of her constitutional rights.

To state a § 1983 action premised upon a policy or custom, Plaintiff must "show that a 'policy or custom' led to the plaintiff's injury" and that "the policy or custom of [the government entity] 'reflects deliberate indifference to the constitutional rights of'" those with which it interacts. *Id.* (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)); *see also City of Canton v. Harris*, 489 U.S. 378, 392 (1989). This is often accomplished by (1) pointing to an express policy, (2) establishing a custom or practice that is akin to a policy, or (3) establishing that the entity's inaction is akin to affirmative adoption of a policy. *See Connick v. Thompson*, 563 U.S. 51, 61 (2011) ("Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law. These are 'action[s] for which the [government entity] is actually responsible.'") (internal citations omitted, alteration in original).

Here, the Court finds that Plaintiff has not adequately alleged a policy or custom claim that is plausible on its face. Ultimately, Plaintiff's allegations are generalized and formulaic and relate, primarily, to her own dependency cases. While Plaintiff claims that Defendants have conspired to make Washington's child dependency process a sham, she does not allege sufficient facts to move her claims from possible to plausible. Plaintiff does not allege any official policies or customs. Plaintiff does not allege any communications among Defendants. In fact, Plaintiff does not allege any particulars, instead relying on "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," "labels and conclusions" or " formulaic recitation of the elements of a cause of action," and the "naked assertion[s]" devoid of "further factual enhancement" that the Supreme Court has held are insufficient under Rules 8(a) and 12(b)(6). *Twombly*, 550 U.S. at 555, 557; *Iqbal*, 556 U.S. at 678.

ORDER – 7

## IV.   CONCLUSION

Accordingly, and having reviewed Plaintiff's complaint and the remainder of the record, the Court hereby finds and ORDERS that:

1. Plaintiff's complaint (Dkts. #6) is DISMISSED without prejudice.

2. Plaintiff is GRANTED LEAVE to file an amended compliant **no later than twenty-one (21) days from the date of this Order**.  Plaintiff's amended complaint must include a short and plain statement demonstrating that she can pursue claims falling within this Court's subject matter jurisdiction, including the facts (the who, what, when, and where) that establish her entitlement to relief on these claims against these defendants.  **Failure to file an Amended Complaint will result in dismissal of this case**.

3. The Clerk is directed to send a copy of this Order to Plaintiff, at her last known mailing address.

DATED this 30th day of September, 2022.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER – 8