UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MYRIAM ZAYAS, | Case No. C22-642-RSM |
| Plaintiff, | ORDER |
| v. | |
| ROSS HUNTER, ROBERT FERGUSON, ANITA KHANDELWAL, | |
| Defendants. | |

*Pro se* Plaintiff Myriam Zanas has been granted leave to proceed *in forma pauperis* in this matter. Dkt. #4. The Complaint was filed on May 12, 2022, and an Amended Complaint was filed on October 14, 2022. The Amended Complaint purports to arise under 42 U.S.C. § 1983, alleging a violation of Ms. Zayas' substantive due process rights and interference with the parent-child relationship. Ms. Zayas also challenges the constitutionality of RCW 13.34.030(6)(c) and RCW 13.34.050. Summonses have not yet been issued. Having reviewed Plaintiff's Amended Complaint pursuant to 28 USC 1915(e)(2), the Court finds that Plaintiff fails to state a claim under § 1983 against Defendant Ross Hunter upon which relief may be granted and that this claim must be dismissed with prejudice.

ORDER - 1

The Court's authority to grant in forma pauperis status derives from 28 U.S.C. § 1915. Upon permitting a plaintiff to proceed in forma pauperis, the Court is subject to the requirements set forth under 28 U.S.C. § 1915(e)(2)(B). Among these requirements is the Court's duty to dismiss the case if the Court determines that the complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners").

"The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as when ruling on dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Day v. Florida*, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014) (citing *Lopez*, 203 F.3d at 1129). Rule 12(b)(6) requires courts to assume the truth of factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). Plaintiff must plead factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). Where a plaintiff proceeds *pro se*, courts must construe the complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)). However, a court "should not supply essential elements of the [pro se] claim that were not initially pled." *See e.g., Henderson v. Anderson*, 2:19-cv-00789-RAJ, 2019 WL 3996859, at *1 (W.D. Wash. Aug. 23, 2019) (internal citation and quotation omitted); *see also Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1031 (W.D. Wash. 2019) ("[C]ourts should not have to serve as advocates for pro se litigants." (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987))).

ORDER - 2

Although Plaintiff's specific causes of action are not perfectly clear, her claims appear to arise from various dependency proceedings involving Plaintiff's children since 2009. *See* Dkt. #6 at 9 ¶ 26. Plaintiff brings claims against Defendant Ross Hunter, Director of the Children's Administration, Department of Children Youth and Families ("DCYF"), Defendant Robert Ferguson, Attorney General for the State of Washington, and Anita Khandelwal, Director of the Department of Public Defense of King County. *Id.* at 2. Construing the Complaint liberally, as the Court must (*Johnson*, 653 F.3d at 1011), the Court understands Plaintiff to allege that Defendants, by and through their agents and employees, have actively enforced unconstitutional state statutes, RCW 13.34.030(6)(c) and RCW 13.34.050, in order to deprive her of constitutionally protected parental custody rights. *See id.* 4–12. Plaintiff alleges that RCW 13.34.030(6)(c) and RCW 13.34.050 are unconstitutional on their face for "lacking proof of child abuse or neglect." *Id.* at 4. Plaintiff also appears to raise individual civil rights claims under 42 U.S.C. § 1983, alleging due process and equal protection violations based on Defendants' "widespread policies, unwritten customs, and usages" enforcing unconstitutional state laws to deprive her of her rights. *Id.* at 12. Plaintiff seeks declaratory relief and the unsealing of "all dependency cases." *Id.* at 3.

Since 2020, Plaintiff has filed 17 different lawsuits (not including the instant action) against various Defendants in this district.[1] In nearly all of these cases, Plaintiff alleges § 1983

---

[1] *See Zayas v. Owens et al.*, 2:20-cv-00650-TLF (filed Apr. 29, 2020); *Zayas v. Messitt*, 2:20-cv-00747-JCC (filed Jun. 10, 2020); *Zayas v. Department of Children Youth & Families et al.*, 2:20-cv-00981-JLR-TLF (filed Jun. 18, 2020); *Zayas v. Krause et al.*, 2:20-cv-01001-MAT (filed Jun. 25, 2020); *Zayas v. Multicare Hospital*, 2:21-cv-00350-RSL (filed Mar. 15, 2021); *Zayas v. Boyett*, 2:21-cv-00581-RSM (filed Apr. 29, 2021); *Zayas v. Nguyen et al.*, 2:21-cv-00746-JCC (filed Jun. 5, 2021); *Zayas v. Walton et al.*, 2:22-cv-00018-MJP (filed Jan. 4, 2022); *Zayas v. Becker*, 2:22-cv-00120-MJP (Jan. 30, 2022); *Zayas v. Foxall*, 2:22-cv-00229-JCC (filed Feb. 27, 2022); *Zayas v. Foxall*, 2:22-cv-00327-TL (filed Mar. 17, 2022); *Zayas v. Foxall*, 2:22-cv-00564-TL (filed Apr. 24, 2022); *Zayas v. Ramos et al.*, 2:22-cv-00943-JLR-TLF (filed Jul. 6, 2022); *Zayas v. Helson et al.*, 2:22-cv-00955-RAJ (filed Jul. 10, 2022); *Zayas v. Dept. of Children Youth and Families*, 2:22-cv-01085-TL (filed July 30, 2022); *Zayas v. King County*, 2:23-cv-01279-JCC (filed August 18, 2023); *Zayas v. Johnson*, 3:23-cv-05165-BHS (filed February 27, 2023).

ORDER - 3

civil rights violations arising from the state's dependency proceedings. Most pertinently, in *Zayas v. Owens et al.*, the parties entered a stipulation dismissing all of Plaintiff's civil rights claims "with prejudice and on the merits" against all defendants, including DCYF, in which Plaintiff agreed and acknowledged "that she cannot later file another lawsuit asserting the same claims or causes of action against defendant[] DCYF." *Owens et al.*, 2:20-cv-00650-TLF, Dkt. #44 at 1–2. The Court dismissed that action with prejudice as stipulated. *Id.* at Dkt. #45. Similarly, *Zayas v. Department of Children Youth & Families et al.* was dismissed with prejudice upon the parties' stipulation, wherein again Plaintiff agreed and acknowledged "that she cannot later file another lawsuit asserting the same claims or causes of action against . . . DCYF." *Department of Children Youth & Families et al.*, 2:20-cv-00981-JLR-TLF, Dkts. #26, 30. In both of these cases, Plaintiff raised claims under § 1983 alleging that DCYF denied her constitutional due process and equal protection rights during her still ongoing state court dependency proceedings. In *Zayas v. Department of Children Youth and Families*, the Honorable Tana Lin found Plaintiff did not plead any new facts or changes in the law since those previous cases that would justify resurrecting claims Ms. Zayas previously agreed to dismiss with prejudice. *Zayas v. Department of Children Youth and Families*, 2:22-cv-01085-TL, Dkt. #6. Judge Lin therefore found that Ms. Zayas failed to plausibly state an individual civil rights claim under § 1983 against DCYF upon which relief could be granted and dismissed her § 1983 claim with prejudice. However, Judge Lin did not dismiss her facial and as-applied constitutional challenge to RCW 13.34.030(6)(c). *Id.* Judge Lin later dismissed Ms. Zayas's remaining claims without prejudice for failure to prosecute. *Zayas*, 2:22-cv-01085-TL Dkt. #15.

Here, Ms. Zayas brings the same § 1983 claim against Defendant Ross Hunter in his capacity as Director of DCYF. By the same rationale, Ms. Zayas's once again fails to state a

ORDER - 4

claim under § 1983 against Ross Hunter upon which relief can be granted and her § 1983 against this defendant must be dismissed. Courts will typically allow a *pro se* plaintiff to amend a Complaint in lieu of dismissal unless amendment would be futile because no set of facts can cure the deficiencies. *Yagman v. Garcetti*, 852 F.3d 859, 867 (9th Cir. 2017). The Court finds that amendment in this instance would be futile.

Accordingly, the Court ORDERS:

1. Plaintiff's 42 U.S.C. § 1983 claims against Defendant Ross Hunter are DISMISSED WITH PREJUDICE; and

2. The Clerk is directed to issue summons.

DATED this 7th day of September, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 5